UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA ARCHEY,

    Petitioner,

v.

CATHERINE BAUMAN,

    Respondent.
_____/

Case No. 15-10760

HON. AVERN COHN

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Joshua Archey (Petitioner) is a state inmate serving a period of imprisonment following his jury convictions for assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, and interfering with electronic communications causing injury and death and being a fourth habitual offender.[1] Petitioner was sentenced in 2010 to twenty four to forty years for the assault convictions, ten to fifteen years for the assault with a dangerous weapon conviction, and ten to fifteen years for interfering with electronic communications conviction. Petitioner's earliest release date is 2034.

Petitioner filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office contends that Petitioner's claims lack merit or are procedurally

---

[1] Petitioner was acquitted on the charge of assault with intent to murder.

defaulted. For the reasons which follow, the petition will be denied. Petitioner's pending motions will also be denied.

## II. Procedural History

Following his convictions and sentences, Petitioner filed an appeal of right. The Michigan Court of Appeals affirmed his convictions. People v. Archey, No. 296757, 2011 WL 3821277 (Mich. Ct. App. Aug. 30, 2011). The Michigan Supreme Court denied leave to appeal. People v. Archey, 490 Mich. 1002 (2012).

Petitioner then filed a post-conviction motion for relief from judgment under M.C.R. 6.500. The trial court denied the motion. People v. Archey, No. 09-10143-FC (Bay County Circuit Court, March 6, 2013). A Michigan appellate court denied leave to appeal. People v. Archey, No. 317538 (Mich.Ct.App. Dec. 27, 2013). The Michigan Supreme Court also denied leave. People v. Archey, 497 Mich. 867 (2014).

Petitioner then filed the instant petition, raising the following claims:[2]

> I. Petitioner was convicted of crimes to which he was not legally charged with in violation of Due Process Clauses of the Fifth and Fourteenth Amendments because the trial court lacked jurisdiction where no proper circuit court return was filed on the charges of assault with intent to murder or assault with a deadly weapon in accordance with state law.
>
> II. Petitioner was not arraigned on the information brought against him, in violation of his rights to due process and to be present at a critical stage under the Fifth and Fourteenth Amendments to the United States Constitution.
>
> III. Petitioner's sentence is invalid because the habitual offender notice was untimely and Petitioner did not receive actual notice, in violation of Mich. Comp. Laws § 769.13 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

---

[2]Petitioner voluntarily withdrew his sixth claim, challenging the scoring of his sentence. See Doc. 14 at. p. 60).

2

IV. Petitioner was denied his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel where counsel failed to ensure that Petitioner was informed of the charges against him and failed to object to habitual offender sentencing.

V. Petitioner was denied his Fourteenth Amendment right to effective assistance of appellate counsel where appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal.

VII. Petitioner was deprived of his Sixth and Fourteenth Amendment rights to effective assistance of counsel by his attorney's failure to request that the jury be instructed that, to convict Petitioner of assault with a dangerous weapon, it had to find that he did not intend to commit murder or inflict great bodily harm less than murder.

### III. Facts

The material facts leading to petitioner's convictions are recited verbatim from the Michigan Court of Appeals' opinion affirming his convictions, which are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> According to the prosecution's theory of the case, on February 13, 2009, at approximately 10:30 p.m., defendant struck the victim, Zachary Jones, repeatedly with a baseball bat on the head, body, and legs, and caused Jones to suffer severe injuries. A prosecution witness, Jenny Beson, who was with Jones at the time of the assault and witnessed its immediate aftermath, testified that she was walking from defendant's home to a bar across the street to obtain assistance for Jones's truck when she heard Jones yell. She returned to find Jones lying on the ground, with defendant standing over him. Defendant was holding a baseball bat. Beson covered Jones with her body and told defendant to stop. She then tried to call 911, but defendant took her cellular telephone and, according to Beson, told her that she was going to watch Jones die. She managed to obtain Jones's telephone and called the police as defendant fled.

People v. Archey, 2011 WL 3821277, at *1.

### IV. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102 (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it

4

must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

## V. Analysis

### A. Procedural Default

Respondent contends that several of Petitioner's claims are procedurally defaulted because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3) for failing to raise these claims on his appeal of right. This argument does not carry the day.

First, Respondent acknowledges that Petitioner's first claim that the circuit court never acquired jurisdiction over his case because of the lack of a proper bindover cannot be procedurally defaulted because the "good cause" and "actual prejudice" prerequisites of M.C.R. 6.508(D)(3) need not be satisfied where a defendant properly alleges a jurisdictional defect in a prior proceeding which resulted in a conviction and sentence. See People v. Carpentier, 446 Mich. 19, 27 (1994).

Similarly, Petitioner's second claim alleging the lack of an arraignment and his third claim involving the untimely notice of the habitual offender enhancement could also arguably fall within the "jurisdictional defect" exception contained within M.C.R. 6.508(D)(3). Moreover, Petitioner says that his appellate counsel was ineffective for

failing to raise his second through fourth claims on his direct appeal. Ineffective assistance of counsel may establish cause for procedural default. If Petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it is better to consider the merits of these claims. Finally, Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim because state post-conviction review was the first opportunity that he had to raise an ineffective assistance of appellate counsel claim. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010). Thus, the Court will consider Petitioner's claims on the merits.

## B. Petitioner's Claims

### 1. Improper Bindover

In his first claim, Petitioner argues that the Bay County Circuit Court lacked jurisdiction over his two assault charges because the returns filed by the district court to the circuit court after petitioner had been bound over following two preliminary examinations failed to list the two assault charges. [3]

---

[3] Petitioner had a preliminary examination on May 13, 2009, after which he was bound over to trial on one count of assault with intent to commit murder, one count of assault with intent to do great bodily harm less than murder, and one count of assault with a dangerous weapon. The case was later remanded back to the district court for a second preliminary examination after the prosecutor moved to amend the information to add a claim involving interfering with electronic communications causing injury or death. The second preliminary examination was conducted on November 25, 2009.

A prior judicial hearing is not a prerequisite to prosecution by information. Gerstein v. Pugh, 420 U.S. 103, 119 (1975). There is no federal constitutional right to a preliminary examination. United States v. Mulligan, 520 F. 2d 1327, 1329 (6th Cir. 1975); Dillard v. Bomar, 342 F. 2d 789, 790 (6th Cir. 1965). Petitioner's claim that he was improperly bound over to trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. See Tegeler v. Renico, 253 Fed. Appx. 521, 525-26 (6th Cir. 2007). In addition, a guilty verdict renders harmless any error in the charging decision. See United States v. Mechanik, 475 U.S. 66, 73 (1986). Any defects with the bindover would be harmless error in light of petitioner's subsequent convictions. See Redmond v. Worthinton, 878 F. Supp. 2d 822, 844 (E.D. Mich. 2012). Petitioner is not entitled to relief on his first claim.

## 2. Lack of Arraignment

On his second claim, Petitioner next argues that he was denied his right to be present at a critical stage of the proceedings and his right to due process because he was never arraigned on the information filed against him in the Bay County Circuit Court.

Under clearly established federal law, a criminal defendant has a due process right to be informed of the nature of the accusations against him or her. Lucas v. O'Dea, 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. Cole v. Arkansas, 333 U.S. 196, 201 (1948); In Re Oliver, 333 U.S. 257, 273 (1948). "The due process clause of

7

the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Olsen v. McFaul, 843 F. 2d 918, 930 (6th Cir. 1988).

Petitioner is not entitled to relief on this claim for several reasons. First, Petitioner did not object to the lack of a formal arraignment at the trial court level. The failure to object to the lack of a formal arraignment constitutes a waiver to any objection to the trial court having jurisdiction to try his case. See Garland v. Washington, 232 U.S. 642, 646-47 (1914)(holding that when a criminal defendant proceeds as if he had been arraigned and fails to object until after conviction, he has waived the objection).

Second, Petitioner is unable to establish that the failure to formally arraign him on the charges violated his due process right to a fair trial. The failure to arraign a defendant in open court after an information is filed against him or her is not a deprivation of due process absent a showing of prejudice. See Tapia v. Tansy, 926 F. 2d 1554, 1558 (10th Cir. 1991). Formal arraignment is not constitutionally required if the defendant knew what he or she was being accused of and is able to defend himself or herself adequately. See Dell v. State of La., 468 F. 2d 324, 325 (5th Cir. 1972).

Petitioner has not shown that he was prejudiced in his ability to defend himself at trial. Although an arraignment on the information was not conducted, Petitioner acknowledged to the trial court on the first day of trial that he had a copy of the information and understood the charges and the penalties. (Tr. 12/08/09, pp. 3-4). Petitioner was sufficiently aware of the nature of the charges against him. Petitioner was able to defend against these charges, raising a self-defense claim at trial. In any

8

event, an accused's constitutional right to notice of the criminal charge or charges brought against him or her can be satisfied by other means, such as a preliminary examination. See Stevenson v. Scutt, 531 F. App'x 576, 580 (6th Cir. 2013)(noting that victim's testimony from the preliminary examination provided petitioner with notice of the time frame of the assaults). The testimony from the preliminary examinations clearly put Petitioner on notice as to the nature of the charges.

Finally, Petitioner was convicted by a jury after a trial. The Court of Appeals for the Ninth Circuit has observed that neither Cole v. Arkansas, supra, nor In re Oliver, supra, "foreclose the premise that constitutionally adequate notice may come from evidence presented at trial." See Troches v. Terhune, 74 Fed. Appx. 736, 737 (9th Cir. 2003). The testimony of the witnesses at trial was sufficient to afford petitioner adequate notice of the charges against him.

Overall, Petitioner is not entitled to relief on his second claim.

### 3. Untimely Notice of Sentence Enhancement

On his third claim, Petitioner contends that the trial court lacked jurisdiction to sentence him as a fourth felony habitual offender because the prosecutor failed to file a notice of intent to seek a sentencing enhancement within twenty one days of the arraignment on the information, as required by M.C.L. § 769.13.

Petitioner is not entitled to relief on his claim for several reasons. First, Petitioner has not shown that the notice of intent to enhance his sentence was untimely under Michigan law. Petitioner acknowledges that the prosecutor filed an habitual offender notice with the original felony information filed on June 1, 2009 and subsequently filed the same notice when he filed the amended information with the trial

court on December 2, 2009.  Petitioner, however, argues that because there was no arraignment, the habitual offender notice could not have been timely filed because it could not have been made within 21 days of arraignment.

M.C.L. § 769.13 contemplates two different dates for measuring the timeliness of the filing of the habitual offender notice: (1) "21 days after the defendant's arraignment on the information charging the underlying offense" or (2) "if arraignment is waived, within 21 days after the filing of the information charging the underlying offense."  Because petitioner was never arraigned on the underlying charges in the trial court, the first period does not apply.  M.C.L. § 769.13 (2) clearly states that in the absence of an arraignment, the period for filing the notice to seek sentencing enhancement runs from the date the information charging the underlying offense is filed.  In this case, the original and amended information both included the habitual-offender notice, thus, the habitual notice was timely filed in conformance with Michigan law.

Moreover, Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law.

Regarding the allegation that Petitioner was denied due process, due process does not require advance notice that a trial on a substantive criminal charge will be followed by an habitual offender charge.  Due process only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge. Oyler v. Boles, 368 U.S. 448, 452 (1962).

Here, Petitioner did not dispute that he had prior convictions that would make

him eligible to be sentenced as an habitual offender, nor did he object or seek a continuance based on the absence of advance notice of the sentence enhancement. Thus, Petitioner has not established that he was denied due process.

### 4. Ineffective Assistance of Counsel

#### a.

On his fourth claim, Petitioner contends that he was denied the effective assistance of trial counsel. On his fifth claim, Petitioner says that he was denied the effective assistance of appellate counsel when appellate counsel failed to raise his first through fourth claims on his appeal of right. On his seventh claim, Petitioner says that trial counsel was ineffective for failing to request a particular jury instruction.

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must satisfy a two prong test. First, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In so doing, Petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689. Second, Petitioner must show that such performance prejudiced his defense. Id. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Supreme Court's holding in Strickland places the burden on the defendant

who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009). The Strickland standard applies as well to claims of ineffective assistance of appellate counsel. See Whiting v. Burt, 395 F. 3d 602, 617 (6th Cir. 2005).

**b.**

Petitioner first contends that trial counsel was ineffective for waiving the arraignment on the information in the trial court. Petitioner, however, has failed to show that he was unaware of the charges against him nor does he explain how he was prejudiced by trial counsel's waiver of the arraignment. Accordingly, Petitioner has not established that trial counsel was ineffective for waiving the arraignment.

Petitioner next contends that trial counsel was ineffective for failing to object to the notice of the sentencing enhancement because it was untimely under Michigan law. As discussed above in rejecting Petitioner's third claim, the sentencing enhancement was timely filed under Michigan law. Accordingly, trial counsel was not ineffective for failing to object to the sentencing enhancement.

Regarding Petitioner's claim for trial counsel's failure to request a jury instruction, Petitioner says that the trial court should have instructed the jury that, in order to find him guilty of felonious assault, it had to determine that he did not intend to murder or inflict great bodily harm on the victim.

The Michigan Court of Appeals considered and rejected this claim on direct review, explaining:

Defendant raises two concurrent claims of error concerning the trial court's jury

instructions with regard to felonious assault. He maintains that, given the plain language of MCL 750.82,2 the trial court erred when it failed to instruct the jury that, in order to find him guilty of felonious assault, it had to determine that he did not intend to murder or inflict great bodily harm on the victim. He also argues that trial counsel made a serious error by failing to request such an instruction. Because defendant failed to preserve a challenge to the trial court's jury instructions, defendant must establish plain error affecting his substantial rights in order to obtain relief. People v. Gonzalez, 468 Mich. 636, 643; 664 NW2d 159 (2003); People v. Carines, 460 Mich. 750, 763–764; 597 NW2d 130 (1999). Substantial rights are affected when the defendant is prejudiced, meaning the error affected the outcome of the trial. Carines, 460 Mich. at 763. With respect to defendant's claim of ineffective assistance of counsel, defendant acknowledges that he failed to move for a new trial on the basis of ineffective assistance of counsel and failed to request a Ginther hearing. Thus, our review is limited to mistakes apparent on the record. People v. Davis, 250 Mich.App 357, 368; 649 NW2d 94 (2002).

A trial court must instruct the jury concerning the law applicable to the case and must fully and fairly present the case to the jury in an understandable manner. MCL 768.29; People v. Mills, 450 Mich. 61, 80; 537 NW2d 909,modified on other grounds450 Mich. 1212 (1995); People v. Jones, 419 Mich. 577, 579; 358 NW2d 837 (1984). Jury instructions should be considered in their entirety, rather than extracted piecemeal, to determine whether there was error requiring this Court to reverse. People v. Bell, 209 Mich.App 273, 276; 530 NW2d 167 (1995)."Even if somewhat imperfect, there is no error if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights."Id.


" 'Effective assistance of counsel is presumed, and [a] defendant bears a heavy burden of proving otherwise.' " People v.. McGhee, 268 Mich.App 600, 625; 709 NW2d 595 (2005), quoting People v. Solmonson, 261 Mich.App 657, 663; 683 NW2d 761 (2004). " '. . . .

. . . .

To the extent defendant argues that he could not properly be convicted of both assault with intent to commit great bodily harm and felonious assault, we note that the Michigan Supreme Court has held that convictions for both offenses arising out of one assault did not violate double jeopardy. People v. Strawther, 480 Mich. 900; 739 NW2d 82 (2007),

To the extent defendant argues that the trial court should have sua sponte instructed the jury on the intent element contained in MCL 750.82, we find that defendant is not entitled to relief. In light of Strawther, and in light of the

> Supreme Court's previous decision that "negative elements" such as that concerning state of mind in MCL 750.82 need not be proven beyond a reasonable doubt by the prosecution, see, generally, People v. Doss, 406 Mich. 90, 98–99; 276 NW2d 9 (1979), the trial court's error, if any, in providing the standard criminal jury instruction on felonious assault, CJI2d 17.9, was not "clear or obvious" so as to afford defendant relief. See Carines, 460 Mich. at 763.
>
> In addition, defendant cannot prevail on his concurrent ineffective assistance of counsel claim. In order to reach the conclusion that the trial court's jury instructions were erroneous, one has to adopt what is essentially a novel legal theory, i.e., that while pursuant to Strawther it does not violate double jeopardy for a jury to convict a defendant of both felonious assault and assault with intent to commit great bodily harm, the jury should still not convict a defendant of felonious assault if it finds he has the particular intent necessary to convict him of assault with intent to commit great bodily harm. Trial counsel does not provide ineffective assistance in failing to make a novel legal argument. People v. Reed, 453 Mich. 685, 695; 556 NW2d 858 (1996).

People v. Archey, 2011 WL 3821277 at *1-2 (footnote omitted).

The Michigan Court of Appeals' decision is not contrary to federal law nor based on a unreasonable application of the law to the facts. Indeed, the Michigan Court of Appeals concluded that the requested instruction would not be appropriate under state law. The Court is bound by the state courts decision on matters of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005). There is no clearly established federal law which requires trial counsel to make a novel legal argument in support of a request for a non-standard jury instruction. Petitioner therefore has not shown that trial counsel was ineffective in this regard. The state court's similar conclusion is not unreasonable.

**c.**

As to appellate counsel, Petitioner says that appellate counsel was ineffective for failing to raise his first through fourth claims on his appeal of right.

It is well-established that a criminal defendant does not have a constitutional

right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" Shaneberger v. Jones, 615 F. 3d 448, 452 (6th Cir. 2010)(internal quotation omitted). In light of the fact that none of the claims raised by Petitioner in his petition have merit, appellate counsel were not ineffective for failing to raise them on petitioner's direct appeal.

### 5. Petitioner's Motions

Petitioner has filed a motion for an evidentiary hearing. A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. See Stanford v. Parker, 266 F. 3d 442, 459-60 (6th Cir. 2001). In light of the fact that Petitioner's claims lack merit, he is not entitled to an evidentiary hearing on his claims.

As to his motion for appointment of counsel, there is no constitutional right to counsel in habeas proceedings. Cobas v. Burgess, 306 F. 3d 441, 444 (6th Cir. 2002). Because Petitioner adequately addressed his claims in his papers, and because he is not entitled to relief on his claims, Petitioner is not entitled to the appointment of counsel.

Finally, Petitioner has filed a motion to compel respondent to furnish additional Rule 5 materials. Petitioner, by his own admission, attached almost all of these materials to his petition and fails to specify what additional materials should have been provided by respondent. Because Petitioner attached the relevant Rule 5 materials to his petition which are necessary for the resolution of his claims, it is not necessary to compel respondent to provide additional Rule 5 materials.

### VI. Conclusion

For the reasons stated above, the petition is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[4] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Finally, Petitioner's pending motions are **DENIED.**

SO ORDERED.

                                                  S/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 11, 2016
       Detroit, Michigan

---

[4] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.